IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01345-BNB

JAMES K. CONKLETON,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections
    (CDOC), in his official capacity,
BRANDON SHAFFER, Chairman, Colorado Board of Parole, in his official capacity,
ALFREDO PENA, Member, Colorado Board of Parole, in his official capacity,
DENISE BALAZIC, Member, Colorado Board of Parole, in her official capacity,
BART COX, Treatment Provider for the CDOC Sex Offender Treatment and
    Management Program (SOTMP), in his official capacity,
MICHAEL FLOYD, Contract Polygrapher of Amich & Jenks, Inc., in his official capacity,
ANN NEWMAN, Treatment Provider for the CDOC SOTMP, in her official capacity,
SAMUEL DUNLAP, Treatment Provider for the CDOC SOTMP, in his official capacity,
LEONARD WOODSON, Treatment Provider for the CDOC SOTMP, in his official
    capacity,
JEFF JENKS, Contract Polygrapher/Sex Offender Management Board (SOMB)
    member, in his official capacity,
COLTON McNUTT, Treatment Provider for the CDOC SOTMP, in his official capacity,
    and
SOTMP TREATMENT TEAM, in its official capacity,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, James K. Conkleton, has filed *pro se* a "Motion to Alter or Amend Judgment" (ECF No. 7) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on June 3, 2014. The Court must construe the motion to reconsider liberally because Mr. Conkleton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-

21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the motion to reconsider filed by Mr. Conkleton pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

Mr. Conkleton is a convicted sex offender serving an indeterminate prison sentence.  He asserted three claims for relief pursuant to 42 U.S.C. § 1983.  He first claimed he was denied due process when he failed a polygraph examination because

2

the failed polygraph examination resulted in his being restricted from associating with some offenders, limited in some treatment activities, subject to extra labor without pay, and ineligible for parole.  Mr. Conkleton also claimed that Defendants retaliated against him for filing administrative grievances and violated his right to equal protection by denying him release on parole.  The Court dismissed the due process claim as legally frivolous because the facts alleged by Mr. Conkleton do not implicate a constitutionally protected liberty interest.  The Court dismissed the retaliation and equal protection claims pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on those claims necessarily would imply the invalidity of the denials of parole challenged in those claims.

Mr. Conkleton contends in the motion to reconsider that his due process claim is not frivolous and that his retaliation and equal protection claims are not barred by the rule in *Heck*.  However, after review of the motion to reconsider and the entire file, the Court finds that Mr. Conkleton fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Mr. Conkleton's allegation that he was not eligible for discretionary parole when he appeared before the parole board because he had failed a polygraph examination does not demonstrate the existence of a constitutionally protected liberty interest.  *See Shirley v. Davis*, 521 F. App'x 647, 650 (10th Cir. 2013) (stating sex offenders in Colorado do not have a constitutionally protected liberty interest in parole "because Colorado's parole scheme for sexual offenders is discretionary").  With respect to the retaliation and equal protection claims, the Court remains convinced that Mr. Conkleton's allegations implicate the validity of previous parole board decisions denying him release on parole.  Therefore, the motion

to reconsider will be denied.  Accordingly, it is

    ORDERED that the "Motion to Alter or Amend Judgment" (ECF No. 7) is DENIED.

    DATED at Denver, Colorado, this  20th  day of   June  , 2014.

                      BY THE COURT:

                      s/Lewis T. Babcock
                      LEWIS T. BABCOCK, Senior Judge
                      United States District Court