IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01345-GPG

JAMES K. CONKLETON,

      Plaintiff,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections
      (CDOC), in his official capacity,
BRANDON SHAFFER, Chairman, Colorado Board of Parole, in his official capacity,
ALFREDO PENA, Member, Colorado Board of Parole, in his official capacity,
DENISE BALAZIC, Member, Colorado Board of Parole, in her official capacity,
BART COX, Treatment Provider for the CDOC Sex Offender Treatment and
      Management Program (SOTMP), in his official capacity,
MICHAEL FLOYD, Contract Polygrapher of Amich & Jenks, Inc., in his official capacity,
ANN NEWMAN, Treatment Provider for the CDOC SOTMP, in her official capacity,
SAMUEL DUNLAP, Treatment Provider for the CDOC SOTMP, in his official capacity,
LEONARD WOODSON, Treatment Provider for the CDOC SOTMP, in his official
      capacity,
JEFF JENKS, Contract Polygrapher/Sex Offender Management Board (SOMB)
      member, in his official capacity,
COLTON McNUTT, Treatment Provider for the CDOC SOTMP, in his official capacity,
      and
SOTMP TREATMENT TEAM, in its official capacity,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, James K. Conkleton, is a prisoner in the custody of the Colorado

Department of Corrections.  Mr. Conkleton initiated this action by filing *pro* se a Prisoner

Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the

United States Constitution were violated.  The Prisoner Complaint previously was

dismissed in its entirety but that order was reversed in part.  In particular, the United

States Court of Appeals for the Tenth Circuit remanded to this court Mr. Conkleton's retaliation claim as it relates to prison officials.

The court must construe the Prisoner Complaint liberally because Mr. Conkleton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Conkleton will be ordered to file an amended complaint that clarifies his retaliation claim against prison officials.

The Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible

2

pleadings violate Rule 8.

Mr. Conkleton alleges in support of his retaliation claim that Defendants retaliated against him for filing administrative grievances by subjecting him to the debilitating effects of maintenance polygraphs, denying pre-release classes, and threatening his family.  (*See* ECF No. 1 at p.21, ¶82.)  However, he fails to provide a short and plain statement of the retaliation claim showing he is entitled to relief because he fails to allege specific facts that demonstrate he is entitled to relief on that claim.  To state a retaliation claim Mr. Conkleton must demonstrate:  (1) he was engaged in constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity.  *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012).  Mr. Conkleton fails to allege facts that demonstrate he suffered an injury that would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.  It also is not clear against which particular Defendants Mr. Conkleton is asserting the retaliation claim or what any Defendant other than Bart Cox did to personally participate in the alleged retaliatory actions.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and

3

searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

For these reasons, Mr. Conkleton will be directed to file an amended complaint. Mr. Conkleton should name as Defendants only those prison officials he contends actually retaliated against him and he must list each Defendant in the caption of the amended complaint. Mr. Conkleton also must clarify what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). A defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). Accordingly, it is

ORDERED that Mr. Conkleton file, **within thirty (30) days from the date of this**

4

**order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Conkleton shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Conkleton fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed.

DATED March 26, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge