IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01345-GPG

JAMES K. CONKLETON,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections
    (CDOC), in his official capacity,
BRANDON SHAFFER, Chairman, Colorado Board of Parole, in his official capacity,
ALFREDO PENA, Member, Colorado Board of Parole, in his official capacity,
DENISE BALAZIC, Member, Colorado Board of Parole, in her official capacity,
BART COX, Treatment Provider for the CDOC Sex Offender Treatment and
    Management Program (SOTMP), in his official capacity,
MICHAEL FLOYD, Contract Polygrapher of Amich & Jenks, Inc., in his official capacity,
ANN NEWMAN, Treatment Provider for the CDOC SOTMP, in her official capacity,
SAMUEL DUNLAP, Treatment Provider for the CDOC SOTMP, in his official capacity,
LEONARD WOODSON, Treatment Provider for the CDOC SOTMP, in his official
    capacity,
JEFF JENKS, Contract Polygrapher/Sex Offender Management Board (SOMB)
    member, in his official capacity,
COLTON McNUTT, Treatment Provider for the CDOC SOTMP, in his official capacity,
    and
SOTMP TREATMENT TEAM, in its official capacity,

    Defendants.

## ORDER DISMISSING CASE

Plaintiff, James K. Conkleton, is a prisoner in the custody of the Colorado Department of Corrections.  On March 26, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Conkleton to file an amended complaint that clarifies his sole remaining claim, a retaliation claim against prison officials.  Mr. Conkleton has not file an amended complaint.  Instead, on April 2, 2015, he filed Plaintiff's Notice of

Voluntary Dismissal (ECF No. 18) stating he intends to pursue his remaining claim in state court.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Conkleton "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by any opposing party in this action. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the instant action is dismissed without prejudice pursuant to Plaintiff's Notice of Voluntary Dismissal (ECF No. 18).

DATED at Denver, Colorado, this  6th  day of   April  , 2015.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court